# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ERIC C. RAJALA,** )<br>**Bankruptcy Trustee for the Estate of** )<br>**Generation Resources Holding Company,** )<br>**LLC,** )<br>                                                         )<br>             **Plaintiff,**                      )<br>                                                         )<br>**v.**                                                   )<br>                                                         )<br>                                                         )<br>**ROBERT H. GARDNER, et al.,**     )<br>                                                         )<br>             **Defendants,**                  )<br>                                                         )<br>_____)  | **Case No. 09-2482-EFM**<br>**(Consolidated case**<br>**11-2542-EFM)** |

## MEMORANDUM AND ORDER

On December 13, 2011, the court denied the Trustee's motion to file an "amended consolidated" complaint. (Doc. 191). This matter is before the court on the Trustee's motion to "partially reconsider" the order denying plaintiff leave to file a third amended complaint. (Doc. 197). Specifically, the Trustee seeks reconsideration of the court's finding that the motion to amend was untimely and prejudicial. For the reasons set forth below, the Trustee's motion shall be **DENIED.**

The grounds for moving for reconsideration of a non-dispositive ruling are relatively narrow. D. Kan. Rule 7.3 provides that such a motion *must* be based on:

   (1) an intervening change in controlling law;

   (2) the availability of new evidence; or

(3) the need to correct clear error or prevent manifest injustice.

"Such motions are not appropriate if the movant only wants the court to revisit issues already addressed or to ***hear new arguments or supporting facts that could have been presented originally***." Keys Youth Services v. City of Olathe, Kansas, 67 F. Supp.2d 1228, 1229 (D. Kan. 1999)(emphasis added).

The Trustee's motion and supporting arguments do not address the three grounds for seeking reconsideration listed in Rule 7.3. Instead, for the first time, the Trustee cites specific testimony from depositions taken in January, July, and August of 2011. The deposition testimony is not "new" evidence because it was available to the Trustee when he filed his motion to amend on October 26, 2011. The Trustee's motion to reconsider is a classic example of a party's attempt to present arguments and supporting facts that "could have been presented originally." Keys Youth Services at 1229.[1] Under the circumstances, the court declines the invitation to reconsider the earlier ruling.

---

[1] The Trustee also requests, for the first time in his reply brief, that the court alternatively rule that the "motion is denied because the looting claim is sufficiently pleaded in the existing complaint." The court will not address an issue first raised in the reply brief.

**IT IS THEREFORE ORDERED** that the Trustee's motion to reconsider **(Doc. 197)** is **DENIED.**

Dated at Wichita, Kansas this 3rd day of February 2012.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge
