# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ERIC C. RAJALA,<br>Bankruptcy Trustee for the Estate of<br>Generation Resources Holding Company,<br>LLC,<br><br>        Plaintiff,<br><br>v.<br><br>ROBERT H. GARDNER, et al.,<br><br>        Defendants, | Case No. 09-2482-EFM<br>(Consolidated case<br>11-2542-EFM) |

## MEMORANDUM AND ORDER

This matter is before the court on the motion to compel[1] the completion of Mike Eason's deposition **(Doc. 206).** For the reasons set forth below, the motion shall be **GRANTED WITH CONDITIONS.**

---

[1] The motion is filed on behalf of Robert H. Gardner, Robbin M. Gardner, Gardner Family Investment Company, LLC, William M. Stevens, Akiko Stevens, Steven's Family Investment Company, LLC, R. James Ansell, Virginia Z. Ansell, Windforce Holdings, Inc., Lookout Windpower Holding Company, LLC, and Forward Windpower Holding Company, LLC (Mo) (collectively referred to by the parties in this litigation as the "Certain Defendants").

**Background**

This motion involves the deposition of Mike Eason,[2] an attorney who represented Black and Veatch, a creditor of Generation Resources Holding Company (GRHC). Mr. Eason is an individual with discoverable information because he communicated with and negotiated documents with some of the Certain Defendants. On September 2, 2011, during the course of Mr. Eason's deposition, counsel for the Certain Defendants asked Mr. Eason about a document containing handwritten notes that had been produced in a related Pennsylvania lawsuit.[3] Mr. Eason objected to questions concerning the document based on the attorney-client privilege and work product doctrine. Because there were a number of additional documents with handwritten notes with which Mr. Eason's counsel was unfamiliar, the deposition was continued to afford counsel an opportunity for review and consultation.

Unable to resolve their differences with Black and Veatch, the Certain Defendants move to compel the completion of the deposition, arguing that Black and Veatch has failed to carry its burden of showing that the handwritten notes are protected by the attorney-client privilege or work product doctrine. In its response, Black and Veatch asks that

---

[2] Mr. Eason was a lawyer at the Blackwell Sanders law firm which later became part of the Husch Blackwell law firm.

[3] In April 2008, GRHC filed a Chapter 7 bankruptcy proceeding in Kansas and Lookout Windpower Holding Company and Freestream filed a breach of contract action against a Pennsylvania utility company in the United States District Court for the Western District of Pennsylvania. In September 2009, the Chapter 7 trustee filed this action to recover any funds awarded to plaintiffs in the Pennsylvania case.

> the court [1] ***deny the motion to compel but order the parties to proceed with the deposition of Mr. Eason*** on a mutually agreeable date, either, in Kansas City with Certain Defendants paying the reasonable travel expenses of Mr. Eason or in Las Vegas; and, [2] with respect to Exhibit 257 affirm that it is a privileged communication or work product and therefore not subject to any inquiry to Eason; and [3] with respect to the December 23 email attachments confirm the right of Black and Veatch to assert the attorney-client privilege and protection afforded by the work product doctrine and described in this pleading.[4]

<u>Black & Veatch Response</u>, Doc. 209, p. 5 (Emphasis added). Black and Veatch's arguments are addressed below in reverse order.

The court rejects Black and Veatch's argument that deposition exhibit 257 and the nine documents referenced in the December 23, 2011 email are protected by the attorney-client privilege and work product doctrine. The documents with the handwritten notes were provided in early 2010 to Robert Gardner, one of the defendants, and any privilege has been waived by disclosure. Black and Veatch offers no evidence or argument that the disclosure was inadvertent, and neither has it undertaken any effort to secure a court order directing the return of the documents. As counsel for Black and Veatch candidly admits: "I have not been able to ascertain why or how these documents came to be produced in the Pennsylvania litigation." Doc. 209, p. 4. The inability to explain how or why the documents were disclosed in the Pennsylvania litigation does not alter the fact that the documents were disclosed and therefore attorney-client privilege and work product doctrine were waived.

With respect to arguments concerning the location and expense of travel, the

---

[4] Mr. Eason has apparently changed jobs and currently works in Las Vegas, Nevada.

deposition shall resume at the location where the deposition was originally scheduled and Black and Veatch, as the objecting party, shall pay the reasonable expenses of Mr. Eason's travel back to the Kansas City metropolitan area. The deposition shall be taken at a mutually agreeable time and date but shall be completed within 30 days from the date of this order.

Finally, with the exception of the ten documents discussed herein, the court expresses no opinion concerning the waiver of any other documents or communications that may be protected by the attorney-client privilege or work product doctrine. The nature of future deposition questions and the scope of the waiver have not been adequately briefed by the parties and the court declines to issue an advisory opinion concerning the parameters of the deposition.[5]

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 12th day of April 2012.

S/ Karen M. Humphreys

_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[5] The parties have not explained the relevance of the deposition to the issues remaining in this case. Any future discovery motions and responses must include an explanation of the relevance, expense, and benefit of the disputed discovery so that the court can evaluate whether discovery should be narrowed or limited pursuant to Fed. R. Civ. P. 26(b)(2)