# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ERIC C. RAJALA,
Trustee in Bankruptcy for the Estate of
Generation Resources Holding Company,
LLC

            *Plaintiff*,

vs.

ROBERT H. GARDNER, et al.

            *Defendants.*

Case No. 09-2482-EFM

## MEMORANDUM AND ORDER

Plaintiff Eric Rajala, the Trustee for the estate of Generation Resources Holding Company ("GRHC"), requests that the Court certify a recent order as final and appealable. The Court ordered an expedited briefing schedule on this motion. In addition, the Court temporarily stayed the distribution of the funds currently being held in the Bankruptcy Court in the District of Kansas until the Court issued an order on the Trustee's Rule 54(b) motion. The Trustee's motion is now fully briefed. For the following reasons, the Court denies the motion.

This case has a lengthy and complicated background that the Court will not set forth in this Order.[1] Instead, the Court will briefly set forth the relevant facts relating to the Trustee's current

---

[1] A more detailed recitation of the factual and procedural background can be found in Doc. 217 in Case No. 09-2482 and Doc. 39 in Case No. 11-2524. These Orders are identical.

motion. In 2009, the Trustee in Bankruptcy for GRHC filed Case No. 09-2482 in District Court, which related to a bankruptcy case in front of the bankruptcy court in Kansas. The Trustee alleged fraudulent transfer claims against Defendant Lookout Windpower Holding Company ("LWHC"). Generally, the Trustee contended that (1) GRHC's members, the individual Defendants, used GRHC's resources to identify a wind power development opportunity, which ultimately became Lookout Windpower, and began development; (2) then GRHC's members transferred the development and redemption opportunity to LWHC, another company owned by the individual Defendants; (3) LWHC sold that development opportunity to Edison; (4) which then caused GRHC to default on its loans to creditors and declare bankruptcy while LWHC kept the proceeds from the sale of the Lookout Windpower development project. The Trustee seeks to recover Edison's payment to LWHC. The Trustee also alleged several claims against Defendant FreeStream because FreeStream was involved with the sale of the Lookout Windpower development opportunity to Edison, and the Trustee seeks to recover FreeStream's portion of the payment from Edison.

While the Trustee's lawsuit proceeded in the District of Kansas, another lawsuit proceeded in the Western District of Pennsylvania in which LWHC and FreeStream brought a breach of contract action against Edison.[2] After a bench trial, the Western District of Pennsylvania found that Edison breached its contract and owed $8,941,448.46 to LWHC and FreeStream. The Pennsylvania court found that LWHC was due 75% of the judgment and FreeStream was due 25% of the judgment. The Western District of Pennsylvania, however, transferred the monetary judgment to the bankruptcy court in Kansas because it found that the bankruptcy court should determine whether the monetary judgment was property of the bankruptcy estate.

---

[2] LWHC's and FreeStream's lawsuit against Edison began before the Trustee filed suit in the District of Kansas. Edison, the entity that bought the wind farm projects, is also a Defendant in this case.

After Edison deposited the monetary judgment in the Kansas Bankruptcy Court's registry, LWHC and FreeStream requested the withdrawal from the bankruptcy court to the district court of the issue of whether the monetary judgment was property of the bankruptcy estate because it related to Case No. 09-2482, currently pending in the district court. The bankruptcy court recommended withdrawal, and this case became Case No. 11-2524. This Court subsequently consolidated Case Nos. 09-2482 and 11-2524 because the two cases were related and involved common issues of fact.

Defendants filed several dispositive motions, and Defendants LWHC and Freestream filed motions for distribution of the funds being held in the bankruptcy court. On April 9, 2012, this Court issued a Memorandum and Order in which it granted FreeStream's and LWHC's Motions to Distribute.[3] In this Order, the Court found that although the Trustee had asserted fraudulent transfer claims against Defendant LWHC,[4] the proceeds alleged to have been derived from the fraudulent transfer could not be considered property of GRHC's bankruptcy estate until after adjudication that a fraudulent transfer had actually occurred.[5] Thus, the Court determined that the monetary judgment being held in the bankruptcy court's registry was not property of GRHC's bankruptcy estate and should be distributed to FreeStream and LWHC. Three days later on April 12, 2012, the Court issued a Nunc Pro Tunc Order correcting a procedural defect regarding the manner in which the clerk of the bankruptcy court should distribute the funds.[6] On April 20, 2012, the Trustee filed a Notice of Appeal with the Tenth Circuit. The same day, the Trustee filed with this Court a Motion to Certify

---

[3] Doc. 217 in Case No. 09-2482; Doc. 39 in Case No. 11-2524. This Memorandum and Order also addressed four other motions, but the Trustee does not seek to appeal the rulings made with respect to those motions.

[4] The Trustee did not assert fraudulent transfer claims against FreeStream.

[5] The Court determined that a complicated path remained to the determination that the judgment funds were the subject of an alleged fraudulent transfer.

[6] Doc. 220 in Case No. 09-2482; Doc. 40 in Case No. 11-2524. These Orders are identical.

its Order as Final and Appealable under Fed. R. Civ. P. 54(b). This Order addresses the Trustee's motion.

The first issue that the Court must address is what Order the Trustee seeks to certify as final. The Trustee asserts that he seeks a certification of the Court's April 12, 2012 Order. As noted above, this Order was a Nunc Pro Tunc Order. Nunc pro tunc has been described:

> Black's Law Dictionary defines nunc pro tunc as "a phrase applied to acts allowed to be done after the time when they should be done, with a retroactive effect, i.e., with the same effect as if regularly done. Nunc pro tunc entry is an entry made now of something actually previously done to have effect of former date."[7]

Generally, courts issue nunc pro tunc orders "to show what was actually done but not properly or adequately recorded" or "to correct clerical or ministerial errors or a failure of the court to reduce to judgment what it stated orally or in an opinion."[8]

The Court's April 12 Order was not substantive but only clarified how the clerk of the bankruptcy court should distribute the money to Defendants FreeStream and LWHC. The April 12 Order, in effect, corrected those procedural matters of the April 9 Order, but otherwise left the April 9 Order unchanged. The Trustee's specific arguments in his motion relate to the substantive holding contained in the Court's April 9, 2012 Order. However, because the Trustee attempts to certify the April 12, 2012 Nunc Pro Tunc Order, rather than the substantive order of April 9, 2012, the Trustee's motion is procedurally improper. To the extent that the Trustee is actually seeking certification of the April 9, 2012 Order, the Court will address the Trustee's arguments relating to that Order.

---

[7] *Kalady v. Booker*, 1996 WL 740837, at *1 n. 1 (10th Cir. Dec. 27, 1996) (citing Black's Law Dictionary 964 (5th ed. 1981)).

[8] *Oyler v. United States*, 1999 WL 1096045, at *1 (D. Kan. Nov. 8, 1999) (citation and quotation omitted).

The Trustee first asserts that his motion to certify only pertains to Case No. 11-2524. He states that this Court's consolidation of Case No. 09-2482 and Case No. 11-2524 was simply procedural, and not substantive. The Trustee contends that this Court decided in its Order the single issue in Case No. 11-2524 of whether property of the estate under 11 U.S.C. § 541 includes property allegedly fraudulently transferred from a debtor.[9] Thus, the Trustee contends that the Court's Order is final and appealable.

When deciding to consolidate Case Nos. 09-2482 and 11-2524, the Court found that the two cases involved common questions of law and facts.[10] And in the Court's Order granting consolidation, the Court consolidated the two cases "for all purposes." The Court made no distinction between consolidating the cases procedurally and substantively. Furthermore, even if the Court fully resolved and entered its judgment on Case No. 11-2524, consolidated cases are considered a single action for purposes of appeal to the Tenth Circuit.[11] "[A] judgment in a consolidated action that does not dispose of all claims shall not operate as a final, appealable

---

[9] The Trustee references the April 12, 2012 Order, but as noted above, the Court did not decide this issue in this Order, but rather decided the issue in its April 9, 2012 Order.

[10] The Trustee complains in his reply that the Court did not make any specific findings as to the common issues of fact and law in the two cases in its consolidation order. The Court notes that the Trustee did not file a response to Defendants' Motion to Consolidate, and thus, Defendants' motion was unopposed by the Trustee. It should be apparent that the Trustee brought his fraudulent transfer claims in Case No. 09-02482. It should also be apparent that the Trustee alleges that the subject matter of the fraudulent transfer claims is the monetary judgment being held in the bankruptcy court, and this issue was contained in Case No. 11-2524. Indeed, the Trustee's fraudulent transfer allegations in Case No. 09-2482 are the only way to explain the Trustee's theory that the monetary judgment being held in the bankruptcy court is the subject matter of a fraudulent transfer and should be part of GRHC's estate.
   The Trustee also asserts in his reply that Case Nos. 09-2482 and 11-2524 are entirely separate cases while at the same time asserting that the property of the estate issue in Case No. 11-2524 controls the disposition of Case No. 09-2482. The Trustee contends that should the Tenth Circuit find in his favor, the district court litigation in Case No. 09-2482 would end. If, as the Trustee contends, the disposition of Case No. 11-2524 eliminates the need for the 09-2482 case, the Court fails to see how the two cases are not commonly related and should not remain consolidated.

[11] *See Trinity Broad. Corp. v. Eller*, 827 F.2d 673, 675 (10th Cir. 1987).

judgment under 28 U.S.C. § 1291."[12]  In this case, there was no judgment in Case No. 11-2524, and it remains consolidated with Case No. 09-2482. Multiple claims and parties remain in the action. Accordingly, Case No. 11-2524 is not appealable at this stage of the litigation because it remains consolidated with Case No. 09-2482.

"[T]o obtain review of one part of a consolidated action, appellant must obtain certification under Fed. R. Civ. P. 54(b)."[13] Rule 54(b) provides, in part:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

In other words, an order may be certified under Rule 54(b) when (1) it is a final order, and (2) there is "no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case."[14] An order must be "final" in the sense that "it is an ultimate disposition of an individual claim entered in the course of a multiple claims action."[15] A "claim" is generally understood to encompass both the legal and factual elements of a case, and does not become final "unless the claims disposed of are separable from the remaining claims against the same parties."[16] "[T]rial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their

---

[12] *Id.*

[13] *Id.*

[14] *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (citing Fed. R. Civ. P. 54(b); *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).

[15] *Id.* (citing *Curtiss-Wright Corp.,* 446 U.S. at 7 (internal quotation marks omitted)).

[16] *Id.* at 1242-43 (quoting 19 James Wm. Moore et al., *Moore's Federal Practice* § 202.06[2] (3d ed. 1999)).

claims will create undue hardships."[17]

The Trustee only briefly addresses the requirements of certifying an order as final and appealable under Rule 54(b) by asserting that this Court determined the sole issue in Case No. 11-2524 when it determined that the funds on deposit in the bankruptcy court were not property of GRHC's bankruptcy estate.[18] To be sure, the Court determined that the bankruptcy estate did not include property that was only the subject matter of an alleged fraudulent transfer. The Trustee, however, may still recover funds for the bankruptcy estate if he successfully proves that a fraudulent transfer occurred and avoids that fraudulent transfer. Thus, the Court does not agree with the Trustee's contention that the property of the estate issue is final. As the Court noted in its previous Memorandum and Order, the distribution of the funds from the bankruptcy court is not a dispositive issue because the distribution does not extinguish the Trustee's fraudulent transfer claims. Indeed, the fraudulent transfer claims remain in the case because the Court did not grant Defendants' motion for judgment on the pleadings on those claims. If the Trustee proves that Defendant LWHC fraudulently transferred the Lookout Windpower development opportunity away from GRHC, the Trustee may be able to recover from LWHC the payment for that opportunity. If, however, the Trustee is not successful in demonstrating that LWHC fraudulently transferred the opportunity, the Trustee's fraudulent transfer claim fails and he would not be entitled to avoid the transfer and bring the funds into the bankruptcy estate. Because the resolution of either of these two scenarios will

---

[17] *Id.* at 1242 (citing *Gas-A-Car, Inc. v. Am. Petrofina, Inc.*, 484 F.2d 1102, 1105 (10th Cir. 1973)).

[18] The Trustee asserts several new arguments in his reply brief which the Court declines to consider. *See Cont'l Coal, Inc. v. Cunningham*, 511 F. Supp. 2d 1065, 1077 (D. Kan. 2007) (stating that new arguments will not be considered if they are asserted in the party's reply brief for the first time). Because the Court will not consider the Trustee's new arguments in his reply, Defendant FreeStream's Motion for Leave to File a Sur-Reply (Doc. 233) and Defendant LWHC's Motion to Strike the Trustee's Reply, or Alternatively, for Leave to File Sur-Reply (Doc. 234) are denied as moot.

likely result in an appeal to the Tenth Circuit, this Court finds that it would be better for the case to proceed to the Tenth Circuit at one time, as it undoubtedly will. Thus, the Court denies the Trustee's request for Rule 54(b) certification.

**IT IS ACCORDINGLY ORDERED** that Plaintiff's Motion to Certify Order as Final and Appealable (Doc. 223) is **DENIED**. The Court lifts the temporary stay on the distribution of the funds currently held in the bankruptcy court.

**IT IS FURTHER ORDERED** that Defendant FreeStream's Motion for Leave to File Sur-Reply (Doc. 233) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendant LWHC's Motion to Strike Reply, or Alternatively, for Leave to File Sur-Reply (Doc. 234) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated this 8th day of May, 2012.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE