# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ERIC C. RAJALA,
Trustee in Bankruptcy for the Estate of
Generation Resources Holding Company,
LLC

              *Plaintiff*,

  vs.

ROBERT H. GARDNER, et al.

              *Defendants.*

Case No. 09-2482-EFM

## MEMORANDUM AND ORDER

Plaintiff Eric Rajala, the Trustee for the estate of Generation Resources Holding Company

("GRHC"), requests a temporary restraining order and preliminary injunction (Doc. 245). On May

8, 2012, the Court denied the Trustee's Motion for Rule (54)b Certification to the Tenth Circuit.[1]

In this Order, the Court lifted a stay on funds of approximately $9 million that were being held in

the Kansas Bankruptcy Court. The Clerk of the Bankruptcy Court distributed those funds to

Defendant Lookout Windpower Holding Company ("LWHC") and Defendant FreeStream that same

day. On May 22, 2012, the Trustee filed a Motion for Temporary Restraining Order and Preliminary

Injunction requesting that the Court prohibit distribution of the funds from the Kansas Bankruptcy

---

[1] Doc. 236. The Court will not set forth the background of this case here because it was set forth in several previous Orders. A brief recitation of the factual and procedural background on the funds at issue can be found in Doc. 236. A more detailed recitation of the factual and procedural background can be found in Doc. 217.

Court. Because the funds had already been distributed, the Trustee withdrew his motion. On May

31, the Trustee filed another Motion for Temporary Restraining Order or Preliminary Injunction.

In this motion, the Trustee requests that the Court (1) freeze the funds and any assets for which they

have been exchanged; (2) require the individual Defendants to account for the funds; and (3) require

the individual Defendants to notify any transferee of the Trustee's claims. Defendants oppose the

motion.[2]  The Court ordered an expedited briefing schedule and held a hearing on the motion on

June 13, 2012.

<b>Legal Standard</b>

Granting or denying a temporary restraining order or other preliminary injunction rests

within the sound discretion of the trial court.[3]  The purpose of a temporary restraining order or

preliminary injunction is "to preserve the status quo pending the outcome of the case."[4]  The

standards which govern the granting of a preliminary injunction are well settled in the Tenth Circuit.

The moving party must establish: "(1) it is substantially likely to succeed on the merits; (2) it will

suffer irreparable injury if the injunction is denied; (3) its threatened injury outweighs the injury the

opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the

public interest."[5]  A movant has the burden to establish by clear proof its right to a preliminary

---

[2] The Trustee did not address FreeStream's portion of the distribution of funds, and the Court notes that FreeStream is no longer a Defendant in this case because the Court granted summary judgment on all of the Trustee's claims against FreeStream.

[3] *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009).

[4] *Tri-State Generation & Transmission Ass'n., Inc. v. Shoshone River Power, Inc.*, 805 F.2d 351, 355 (10th Cir. 1986).

[5] *Beltronics*, 562 F.3d at 1070.

injunction.  Mere allegations are insufficient.  A preliminary injunction is an extraordinary remedy that is an exception rather than the rule, and courts do not grant it as a matter of right.[6]

### *Success on the Merits*

Although the Trustee has a  few remaining claims against Defendants,[7] he affirmatively states that he is only proceeding on the fraudulent transfer claims with respect to this preliminary injunction motion. The Trustee contends that he is likely to be successful on the merits of his fraudulent transfer claims because the Second Amended Complaint alleges sufficient facts to demonstrate fraud under Kansas' Uniform Fraudulent Transfer Act. Defendants assert that the Trustee is not likely to be successful on the fraudulent transfer claims because (1) the Trustee lacks standing to pursue the claims because the creditors were not damaged as a result of the alleged fraudulent transfers, and (2) the Trustee cannot establish a prima facie case because the Trustee cannot identify any interest or right that GRHC owned that was fraudulently transferred.

The Trustee  fails to articulate reasons as to why he is likely to prevail on his fraudulent transfer claims.  Instead, the Trustee relies on conclusory allegations taken from his Second Amended  Complaint and simply asserts that he is likely to prevail. Although the Court agrees that the facts, as stated in the Complaint, are sufficient to state a claim, the Court cannot say that the Trustee is likely to succeed on the merits of those claims.  The Trustee provides no support for his factual contentions. Defendants, in contrast, provide the Court with some evidence that their arguments may have merit.  The  Court cannot say that the Trustee is likely to succeed on the merits of these claims. For that reason, this factor does not weigh in the Trustee's favor.

---

[6] *Id.*

[7] The Trustee also has a breach of fiduciary duty claim and a conspiracy claim remaining against Defendants.

### *Irreparable Injury*

The Trustee contends that if the Court does not freeze the funds, LWHC (an alleged empty shell) and the individual Defendants may dispose of the funds. If Defendants dispose of those funds, and the Trustee later prevails on his fraudulent transfer claims, the Trustee argues that there may be no money left to recover for the bankruptcy estate and he will have a difficult time collecting for GRHC's estate.  For purposes of this preliminary injunction motion, the Court is willing to assume that Defendants may dispose of the money and the Trustee will be irreparably harmed. Accordingly, this factor weighs in the Trustee's favor.

### *Threatened Injury versus Prejudice*

The Trustee contends that if the Court does not freeze the funds and LWHC and the individual Defendants disburse all of those funds, the Trustee would have to file a multitude of lawsuits against subsequent transferees.  Defendants argue that the Trustee has engaged in tactics to delay the proceedings and that they are prejudiced because they have had to respond to the Trustee's numerous baseless motions on this issue. They assert that the Trustee's concern with filing numerous lawsuits is unwarranted and inconsistent with his prior actions. The balancing of the threatened injury to the Trustee and the prejudice to Defendants is about equal.  For this reason, this factor is neutral.

### *Public Interest*

The Trustee contends that a preliminary injunction is not adverse to the public interest because the bankruptcy code has a policy of preserving assets so that there is a fair and equitable distribution of assets from what are usually limited resources. The Trustee's argument is flawed because the Court previously decided that these funds were not property of the estate. Because the

funds are not an asset of GRHC's bankruptcy estate, freezing the funds would not promote the bankruptcy code's policy of preserving assets. Accordingly, this factor does not weigh in the Trustee's favor.

Because the Trustee does not establish by clear proof his right to a preliminary injunction, the Court denies the Trustee's motion.

**IT IS ACCORDINGLY ORDERED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 245) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 14th day of June, 2012.


*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE