IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ERIC C. RAJALA,

    *Plaintiff,*

vs.

                                Case No. 09-2482

ROBERT H. GARDNER, *et al.*,

    *Defendants.*

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion for Stay of Execution of the Judgment and for Expedited Briefing (Doc. 340). On June 10 through June 12, 2014, a jury trial was held, and the jury entered a verdict in Plaintiff's favor on June 12, 2014, in the amount of $329,000 against each Defendant.[1] Plaintiff filed a Motion to Alter Judgment to Add Prejudment Interest on June 25, 2014.[2] The next day, Defendants filed the motion at issue in this Order. Several weeks later, Defendants filed a Renewed Motion for Judgment as a Matter of Law, or Alternatively for Remittitur or New Trial on July 9, 2014.[3]

---

[1] Doc. 336. These Defendants include R. James Ansell, Robert H. Gardner, and William M. Stevens.

[2] Doc. 338.

[3] Doc. 343. Plaintiff's motion (Doc. 338) and Defendants' motion (Doc. 343) remain pending and will be addressed in an order separate from this one.

Defendants request a stay of execution pursuant to Fed. R. Civ. P. 62(b), pending resolution of post-trial motions. Defendants ask the Court to permit the stay.[4] They also ask the Court to waive the requirement of posting a supersedeas bond. In addition, Defendants request expedited briefing on the issue.[5] Plaintiff does not object to the stay if a bond is posted for the judgment amount plus 25%. Plaintiff relies upon D. Kan. Rule 62.2 for the 25% figure.[6]

Federal Rule of Civil Procedure 62(b) provides that "[o]n appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or any proceedings to enforce it—pending disposition of any of the following motions: (1) under Rule 50, for judgment as a matter of law . . . or (3) under Rule 59, for a new trial or to alter or amend a judgment." It is within the Court's discretion whether to issue the stay.[7] Rule 62(b) does not require a supersedeas bond but rather requires "appropriate terms for the opposing party's security."[8] As one decision from the District of Kansas notes:

> In Rule 62(b), the conditional "may" applies to the Court's discretion of issuing the stay, not the requirement of the appropriate security. While the Court must consider "adequate terms" for [the plaintiff's] security in granting the stay, it

---

[4] Defendants direct the Court to a four-factor test for determining whether to grant a stay. *See* Doc. 340, p. 2. The Court finds the test inapplicable here because the case Defendants rely upon does not address stays under Fed. R. Civ. P. 62(b) but instead addresses Fed. R. Civ. P. 62(c), which deals with an injunction pending an appeal. *See Northern Nat'l Gas Co. v. L.D. Drilling, Inc.*, 2011 WL 691621, at *1 (D. Kan. Feb. 15, 2011). Thus, the Court will not apply that test in this case.

[5] This request is moot as the matter has already been fully briefed.

[6] *See* D. Kan. Rule 62.2 (stating that "[a] supersedeas bond staying execution of a money judgment must, unless the court otherwise directs, be in the amount of the judgment, plus 25% of that amount to cover interest and any award of damages for delay.").

[7] *Ireland v. Dodson*, 2009 WL 1559784, at *1 (D. Kan. May 29, 2009).

[8] Fed. R. Civ. P. 62(b). Federal Rule of Civil Procedure 62(d), however, addresses supersedeas bonds and provides that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond." "Federal Rule of Civil Procedure 62(d) allows a stay of a judgment effective upon a district court's approval of a supersedeas bond. The bond secures the judgment against insolvency of the judgment debtor and is usually for the full amount of the judgment, though the district court has discretion in setting the amount." *Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006).

appears that the appropriate terms need not necessarily include a supersedeas bond. That is, it is within the Court's discretion to determine whether a supersedeas bond is required to protect [the plaintiff's] interests.[9]

Thus, in this case, the Court must determine whether a supersedeas bond, or other appropriate terms, is necessary to protect Plaintiff's interest.[10]

The Court finds that to preserve Plaintiff's interest in the judgment, a supersedeas bond is necessary and required. This case has been ongoing for over five years. The parties disagree as to every aspect of the case, and most of the issues have involved contentious, protracted litigation. Defendants do not assert how they would be prejudiced by having to post a supersedeas bond and do not offer any justification for granting an unsecured stay. The Court concludes that Defendants' stay of enforcement may be granted. However, that stay is conditioned upon each individual Defendant posting a supersedeas bond in the amount of $329,000, pending disposition of the pending post-trial motions. Although Plaintiff requests a 25% increase over the judgment amount, at this time, the Court will not increase the bond by that amount because the timeframe for resolving the post-trial motions will be considerably less than the timeframe for resolving a potential appeal.[11]

---

[9] *Ireland*, 2009 WL 1559784, at *1.

[10] Generally, courts consider five factors when considering whether a full supersedeas bond is necessary while a case is on appeal. *Midwest Trust Co. v. Gard*, 2009 WL 2043502, at *1 (D. Kan. July 14, 2009). These factors include "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." *Id.* (citations omitted). Because this case is not on appeal, and Fed. R. Civ. P. 62(d) is not yet applicable; the Court will not apply these factors here. In addition, although Defendants acknowledge these factors in their brief, they fail to address them in any meaningful way. Instead, they assert that Plaintiff will not be harmed if Defendants are not required to post a bond because it is only a temporary stay and Plaintiff has rarely obtained success on his claims over the past five years. This argument is unpersuasive.

[11] The Court is not making a ruling in this Order as to the appropriate amount of a supersedeas bond should the case ultimately be appealed.

**IT IS ACCORDINGLY ORDERED** this 10th day of September, 2014, that Defendants' Motion for Stay of Execution of the Judgment and for Expedited Briefing (Doc. 340) is hereby **GRANTED IN PART** and **DENIED IN PART**. The Court grants the stay but it is conditional upon each Defendant posting a supersedeas bond in the amount of $329,000.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE