## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ERIC C. RAJALA,

       *Plaintiff,*

  vs.

ROBERT H. GARDNER, *et al.*,

       *Defendants.*

Case No. 09-2482

## MEMORANDUM AND ORDER

Plaintiff Eric C. Rajala, the Trustee for the bankruptcy estate of Generation Resources Holding Company, LLC ("GRHC"), brought suit in 2009 asserting numerous claims against several individual defendants and corporate entities. After several years and rounds of motion practice, the case proceeded to trial on a breach of fiduciary duty of loyalty claim against three individual defendants.[1] Plaintiff's breach of fiduciary duty of loyalty claim was based on the fact that Defendants engaged in self-dealing or self-serving transactions when they paid themselves a salary in 2002, 2003, and 2004, despite knowing that GRHC was or would become insolvent.

A jury trial was held on June 10 through June 12, 2014. During trial, Defendants moved for judgment as a matter of law after the close of Plaintiff's evidence and at the close of all

---

[1] These defendants include James R. Ansell, Robert H. Gardner, and William M. Stevens.

evidence, which the Court denied.[2]  After deliberating, the jury rendered a verdict in favor of Plaintiff in the amount of $329,000 against each individual Defendant.

The matter now comes before the Court on Defendants' Renewed Motion for Judgment as a Matter of Law, or Alternatively for Remittitur or New Trial (Doc. 343).  In addition, Plaintiff filed a Motion to Alter Judgment to Add Prejudgment Interest (Doc. 338).  The Court will first address Defendants' motion and then Plaintiff's motion.  For the reasons explained in more detail below, the Court denies Defendants' motion and grants Plaintiff's motion.

## I.    Defendants' Motion for Judgment as a Matter of Law, or Alternatively for Remittitur or New Trial (Doc. 343)

Defendant renews its motion for judgment as a matter of law, or in the alternative, moves for remittitur or for a new trial.  Federal Rule of Civil Procedure 50(a)(1) provides that judgment as a matter of law is appropriate "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue . . . ."  "Judgment as a matter of law [under Rule 50(a)] is only appropriate if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position."[3]

A motion for new trial pursuant to Fed. R. Civ. P. 59(a) is committed to the sound discretion of the trial court.[4]   These motions are "not regarded with favor and should only be granted with great caution."[5]   In reviewing a motion for a new trial, the court must view the

---

[2] *See* Docs. 330, 331, and 335.

[3] *Strickland v. United Parcel Serv., Inc.*, 555 F.3d 1224, 1228 (10th Cir. 2009) (internal quotations and citations omitted).

[4] *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984); *Hinds v. Gen'l Motors Corp.*, 988 F.2d 1039, 1046 (10th Cir. 1993).

[5] *United States v. Kelley*, 929 F.2d 582, 586 (10th Cir. 1991).

evidence in the light most favorable to the prevailing party.[6]   "The party seeking to set aside a jury verdict must demonstrate trial errors which constitute prejudicial error or that the verdict is not based on substantial evidence."[7]   The court should "ignore errors that do not affect the essential fairness of the trial."[8]

### A.  Insolvency Evidence

Plaintiff's breach of fiduciary duty of loyalty claim was premised on the fact that Defendants engaged in self-dealing or self-serving transactions when they paid themselves a salary in 2002, 2003, and 2004, despite knowing that GRHC was or would become insolvent. Defendants' Motion for Judgment as a Matter of Law presents two reasons why Plaintiff failed to present sufficient evidence of insolvency that would allow a jury to find for Plaintiff.   In the alternative, Defendants assert that Plaintiff's damages should be reduced.

#### 1.   Expert testimony

Defendants first argue that Plaintiff's failure to present expert testimony on insolvency is fatal to Plaintiff's breach of fiduciary duty claim.   Although the Court agrees that proof of insolvency is generally presented through expert testimony, it does not appear that the law *requires* expert testimony to prove insolvency at trial.[9]   Thus, Defendants' motion fails on this point.

---

[6] *Griffin v. Strong*, 983 F.2d 1544, 1546 (10th Cir. 1993); *Escue v. N. Okla. Coll.*, 450 F.3d 1146, 1156 (10th Cir. 2006).

[7] *White v. Conoco, Inc.*, 710 F.2d 1442, 1443 (10th Cir. 1983).

[8] *McDonough Power Equip.*, 464 U.S. at 553.

[9] In Defendants' current Motion for Judgment as a Matter of Law, Defendants cite several decisions outside of Delaware and the Third Circuit (and Kansas and the Tenth Circuit) that state expert testimony is generally necessary to prove insolvency. *See* Doc. 343, p. 3.   The Court, however, is not bound by these decisions. Furthermore, it does not appear that these case require expert testimony to prove insolvency.

## 2. *Evidence of insolvency*

Next, Defendants assert that even if expert testimony was not needed, Plaintiff's evidence of insolvency was insufficient. Defendants first contend that Plaintiff must prove insolvency at the time of *each* breach of fiduciary duty, which Plaintiff failed to do. This contention is not a correct statement of the claim presented to the jury. Defendants asserted several times to the Court that proof of insolvency was required at the time of each salary payment (each alleged breach of fiduciary duty). Ultimately, the Court disagreed. The Court, however, did find that insolvency was an element of Plaintiff's breach of fiduciary duty claim. And in the Court's jury instruction setting forth the elements of a claim for breach of fiduciary duty of loyalty, the Court instructed the jury that Defendants' self-dealing could "only arise where at the time of the transaction the business entity *was insolvent or likely to become* insolvent."[10] Thus, Plaintiff did not need to demonstrate insolvency at the time of each alleged breach. Instead, Plaintiff was required to demonstrate either insolvency at the time of the transaction *or* the likelihood that the business entity (GRHC) would become insolvent at the time of the transaction.

Defendants also contend that Plaintiff presented insufficient evidence of insolvency or the likelihood of GRHC becoming insolvent. The jury instructions defined insolvency as a company "unable to pay its debts as they fall due in the usual course of business, or a company is insolvent if it has liabilities in excess of a reasonable market value of assets held."[11] Defendants assert that Plaintiff presented no evidence of the market value of GRHC's assets or evidence that GRHC did not pay any debts due in 2002, 2003, and 2004.

[10] Jury Instructions, Instruction 12, Doc. 333, p. 13, ¶ 2 (emphasis added). Defendants did not specifically object to this proposed jury instruction after the Court included insolvency as an element of Plaintiff's breach of fiduciary duty claim.

[11] Jury Instructions, Instruction 8, Doc. 333, p. 9.

Plaintiff presented such evidence that GRHC (1) was unable to pay the Foundation loans at the time they came due, (2) was overdrawn on its checking account each year, and (3) was unable to pay an accountant bill when it came due.  The jury heard all of the evidence presented by Plaintiff as to GRHC's financial condition in 2002, 2003, and 2004.  GRHC's financial statements and tax returns were exhibits admitted into evidence, and the jury had the ability to consider and review this information.  As noted above, judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) is only appropriate if the evidence points one way and there are no reasonable inferences to support the nonmoving party's position.  In this case, there are reasonable inferences to support the nonmoving party's position because the jury could have made the inference from the evidence submitted that GRHC was insolvent or likely to become insolvent at the time of the salary payments in 2002, 2003, and 2004.[12]   Accordingly, the Court denies Defendants' motion on this point.

### 3. Remittitur

Finally, Defendants contend that Plaintiff, at most, demonstrated a potential inability to pay debts which may have become due in 2004.  Thus, Defendants argue that even if the Court does not grant Defendants judgment as a matter of law, Plaintiff did not demonstrate insolvency in 2002 and 2003.  Defendants contend that as a result the Court should order a remittitur and reduce Plaintiff's damages to $115,000 (the amount of salary paid in 2004).

---

[12] Defendants also assert that the test for insolvency is heightened with a start-up company.  The jury would not have considered a heightened standard when determining the insolvency issue because no such instruction was given to them.  And Defendants do not state that the Court erred in failing to give a jury instruction explaining a heightened standard of insolvency for start-up companies.

It is within the Court's discretion to order remittitur.[13]   A jury's award, however, is "inviolate" and remains that way so as long as the award "is not so excessive as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption or other improper cause invaded the trial."[14]   Nothing about the jury award shocks the judicial conscience.  Thus, the Court denies Defendants' alternate request for remittitur.

**B.  Improper Testimony and Closing**

In seeking a new trial pursuant to Fed. R. Civ. P. 59(e), Defendants assert that they were unfairly prejudiced by improper testimony and an improper closing remark.   The alleged improper testimony at issue is one comment made by Plaintiff's witness, Mike Kane, who stated on re-direct examination that "projects got built."   At the time of the comment, Defendants did not specifically object but brought it up at the noon recess.   Defendants stated that they believed Mr. Kane violated the Court's *in limine* order that there could not be testimony about projects, other than Stonycreek.   The Court gave Defendants the option of bringing the comment up after lunch and stated that the Court would issue a statement that the jury should ignore that comment. After lunch, Defendants chose not to bring the issue before the jury.   No further questions or testimony by Mr. Kane related to other projects being built.   Given the very limited and vague reference to other projects being built, the Court finds that Mr. Kane's one-time spontaneous comment did not so prejudice Defendants' rights to a fair trial.

---

[13] *Prager v. Campbell Cnty. Memorial Hosp.*, 731 F.3d 1046, 1061 (10th Cir. 2013).

[14] *Palmer v. City of Monticello*, 31 F.3d 1499, 1508 (10th Cir. 1994) (quotation and citation omitted).

Defendants also contend that Plaintiff's counsel compounded the prejudice by overtly referencing Mr. Kane's testimony during Plaintiff's counsel's closing argument.[15]  In Plaintiff's closing argument, he stated that "projects were built, but the foundations were never paid."[16]  Defendants' counsel asked to approach and claimed that Plaintiff's counsel's reference to the projects required a mistrial.  The Court disagreed but instructed Plaintiff's counsel not to mention it again.  Plaintiff's counsel moved on to a different subject after the bench conference and did not mention other projects being built again.  Thus, there was only a passing reference to other projects.  Furthermore, the Court instructed the jury that counsel's arguments were not evidence.  The Court finds that Plaintiff's counsel's passing comment did not prejudice Defendants nor affect their substantial rights. Accordingly, the Court denies Defendants' Motion for New Trial.

## II.    Plaintiff's Motion to Amend Judgment to Add Prejudgment Interest (Doc. 338)

Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff moves to amend the judgment entered on June 12, 2014, to add prejudgment interest.  Plaintiff argues that under Delaware law,[17] prejudgment interest is mandatory.  Plaintiff also argues that the interest rate should be at the rate of 10% and should be compounded monthly.

Defendants raise several objections to Plaintiff's request for prejudgment interest.  First, Defendants contend that Plaintiff waived any claim to prejudgment interest because he failed to include the request in the Pretrial Order.  Next, Defendants assert that the Court should deny

---

[15] Defendants also contend that this comment was made during Plaintiff's counsel's rebuttal closing argument and they did not have a chance to respond to it.  The record demonstrates otherwise as Plaintiff's counsel made the comment during the opening portion of his closing argument.

[16] Plaintiff's counsel did not state that Mr. Kane testified that projects were built.  Instead, Plaintiff's counsel simply stated that "projects were built."

[17] The parties agree that Delaware law applies.

prejudgment interest because Plaintiff's claim was not liquidated. Finally, Defendants assert three reasons why the Court should exercise its discretion to limit Plaintiff's recovery. Defendants argue that (1) prejudgment interest should not begin to accrue until Plaintiff was appointed trustee on August 28, 2008, (2) the timeframe should be reduced to reflect delays in bringing the case to conclusion, and (3) Plaintiff should be limited to the statutory prejudgment rate without compounding.

### A. No waiver of prejudgment interest

The Court will first address Defendants' contention that Plaintiff waived a claim to prejudgment interest because he did not include it in the Pretrial Order. Defendants assert that the Pretrial Order does not mention or otherwise reference the existence of a claim for prejudgment interest. The Court disagrees. Although the words "prejudgment interest" are not included in the Pretrial Order, Plaintiff does reference K.S.A. § 16-201 and 6 Del. C. § 2301, which are prejudgment interest statutes.[18]   In addition, in Plaintiff's Second Amended Complaint, he stated that he sought "[p]rejudgment interest as allowed by K.S.A. § 16-201, 6 Del. C. § 3201 or such other laws and statutes as may apply, and all such other, further and additional relief as is just and proper."[19] The fact that Plaintiff apparently inadvertently omitted the words "prejudgment interest" in the Pretrial Order, but included reference to prejudgment statutes, does not operate as a waiver, particularly when Plaintiff included the words "prejudgment interest" in conjunction with these same statutes in the Second Amended Complaint.

---

[18] *See* Pretrial Order, Doc. 253, p. 24, ¶ 4 (stating that Plaintiff sought "[a]ttorney fees and litigation costs as provided by contract or statute including without limitation K.S.A. § 16-201 and 6 Del. C. § 3201.")

[19] *See* Second Amended Complaint, Doc. 100, p. 99, ¶ 422(I).

Even if the Court were to find that Plaintiff failed to include a claim to prejudgment interest in the Pretrial Order, Plaintiff directs the Court's attention to two cases from the District of Kansas that allowed the recovery of prejudgment interest despite the claim not being included in the Pretrial Order.[20]  Those District of Kansas decisions relied upon an unpublished Tenth Circuit opinion, *Dalal v. Alliant Techsystems, Inc.*[21]  In *Dalal*, the Tenth Circuit determined that although a plaintiff did not include a request for prejudgment interest in his complaint or pretrial order, this failure was not fatal to his claim.  Relying upon Fed. R. Civ. P. 54(c), which provides that "[e]very [] final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings," the Tenth Circuit found that the plaintiff could request prejudgment interest as part of his recovery.[22]

Defendants complain that *Dalal* is an unpublished decision and therefore has no precedential value.  However, as another judge in the District of Kansas pointed out, although the case "does not have precedential value," it "does have persuasive value . . . and it suggests how the Tenth Circuit would rule on the issue."[23]  Thus, even if the Pretrial Order could be construed

---

[20] *See In re Universal Serv. Fund Tel. Billing Practices Litig.*, 2009 WL 435111 (D. Kan. Feb. 20, 2009); *Guang Dong Light Headgear Factory Co. v. ACI Int'l Inc.*, 2008 WL 1924948 (D. Kan. Apr. 28, 2008).

 With regard to this procedural matter of whether Plaintiff waived prejudgment interest by failing to include it in the pretrial order, the parties both discuss District of Kansas and Tenth Circuit cases and appear to agree that federal law governs.  In a diversity case, "the substantive law of the forum state governs the analysis of the underlying claims," but federal law controls procedural questions.  *Jones v. United Parcel Serv., Inc.*, 674 F.3d 1187, 1195 (10th Cir. 2012).  Thus, the Court will look to federal law.  Even if the Court were to look to Delaware law, although a claim for prejudgment interest is "not self-executing," a court may award prejudgment interest if the plaintiff requests such an award in the pleadings or at trial.  *See Collins v. Throckmorton*, 425 A.2d 146, 152 (Del. 1980).  In this case, Plaintiff requested prejudgment interest in his Amended Complaint and at trial.

[21] 72 F.3d 136, 1995 WL 747442 (10th Cir. Dec. 18, 1995).

[22] 1995 WL 747442, at *6 (relying on Fed. R. Civ. P. 54(c)).  The Tenth Circuit relied upon the previous version of Fed. R. Civ. P. 54(c), but there have been no substantive changes to the rule.

[23] *In re Universal*, 2009 WL 435111, at *13; *see also Guang*, 2008 WL 1924948, at *3 (stating that "this Court is confined to follow the limited guidance provided in the Tenth Circuit's *Dalal* decision and find that [plaintiff] did not waive its right to request prejudgment interest by failing to include it in the Pretrial Order.").

so as not to include a request for prejudgment interest, it is not fatal to Plaintiff's request. Accordingly, the Court concludes that Plaintiff may request prejudgment interest.

### B. Entitlement to prejudgment interest

"In Delaware, prejudgment interest is awarded as a matter of right."[24]  Generally, "interest accumulates from the date payment was due the plaintiff, because full compensation requires an allowance for the detention of the compensation awarded and interest is used as a basis for measuring that allowance."[25]  "Prejudgment interest serves two purposes: first, it compensates the plaintiff for the loss of the use of his or her money; and, second, it forces the defendant to relinquish any benefit that it has received by retaining the plaintiff's money in the interim."[26]  Prejudgment interest is applicable in breach of fiduciary duty cases.[27]

Defendants argue, however, that the Court should exercise its discretion and reject Plaintiff's claim for prejudgment interest because Plaintiff's claim was not liquidated. Defendants cite to one Delaware case in which the court did not allow prejudgment interest because the amount of recoverable damages were not "strictly calculable."[28] Several other Delaware cases, however, have allowed prejudgment interest even when the damages were not liquidated.[29]

---

[24] *Citadel Holding Corp. v. Roven*, 603 A.2d 818, 826 (Del. 1992) (citation omitted).

[25] *Moskowitz v. Mayor & Council of Wilmington*, 391 A.2d 209, 210 (Del. 1978).

[26] *Brandywine Smyrna, Inc. v. Millennium Builders, LLC*, 34 A.3d 482, 486 (Del. 2011).

[27] *See Gentile v. Rossette*, 2010 WL 3582453 (Del. Ch. Sept. 10, 2010) (determining the appropriate amount of prejudgment interest in a case in which the defendant was found liable for breach of fiduciary duties).

[28] *See W.E. Cleaver & Sons, Inc. v. Darley Club*, 1987 WL 17441, at *4 (Del Super. Ct. Sept 16, 1987).

[29] *See Janas v. Biedrzycki*, 2000 WL 33114354, at *5 (Del. Super. Ct. Oct. 26, 2000) (finding that the value of the injury was calculable and stating that even though the "precise amount of the damage was not ultimately fixed until the award was rendered, does not diminish its pecuniary nature."); *see also Rollins Envtl. Servs., Inc. v. WSMW Indus., Inc.*, 426 A.2d 1363, 1366 (Del. Super. Ct. 1980) ("It is clear that Delaware has permitted pre-judgment

Furthermore, Defendants' categorization that Plaintiffs' damages were unascertainable until right before trial is inaccurate.  Defendants are correct that Plaintiff initially sought much more in damages based on his numerous claims.  Only one claim, however, was tried to the jury.  This breach of fiduciary duty of loyalty claim was premised upon self-dealing or self-serving transactions in which Defendants paid themselves each a salary payment of $107,000 in 2002, $107,000 in 2003, and $115,000 in 2004.  This amount is liquidated and easily ascertainable.  Indeed, there was a jury instruction stating that the actual damages were limited to the amount of salary paid to Defendants.[30]   As noted above, prejudgment interest is generally awarded as a matter of right in Delaware, and the Court finds that Plaintiff is entitled to prejudgment interest.

### C.  The timeframe, rate, and type of prejudgment interest

The parties disagree as to the timeframe of when prejudgment interest is applicable, the rate of the prejudgment interest, and whether the interest rate should be simple or compounded monthly.

### 1.  Timeframe

Plaintiff states that that prejudgment interest should begin to run on the date the salary payments were made: October 1, 2002, March 25, 2003, and April 14, 2004.  "Delaware law is settled that '[a] successful plaintiff is entitled to interest on money damages as a matter of right

---

interest in many situations where the amount of recovery was not 'liquidated' and where an established market does not appear to have existed from which the amount of recovery could be readily ascertained.").

[30] *See* Jury Instructions, Doc. 333, p. 14.   The fact that Plaintiff sought punitive damages does not change the fact that the amount of actual damages was liquidated.  Had Plaintiff obtained an award of punitive damages, which he did not, he would not be entitled to prejudgment interest on that amount.  *See Tekstrom, Inc. v. Savla*, 2005 WL 3589401, at *1 (Del. Com. Pl. Nov. 22, 2005) (stating that "[p]rejudgment interest is also not recoverable on punitive damages.") (citing 9 A.L.R. 5th 63).

from the date liability accrues.' "[31]   In this case, a breach of fiduciary duty of loyalty occurred when the salary payments were made in 2002, 2003, and 2004.  Thus, these are the dates when the wrong occurred and liability accrued.

Defendants argue, however, that the date for prejudgment interest should be no earlier than August 28, 2008.  That date is the date that Plaintiff was appointed bankruptcy trustee for GRHC, and Defendants contend that August 28, 2008, is the time when Plaintiff's right to bring a claim against Defendants arose.  In addition, Defendants contend that this Court previously found that Plaintiff's injury became reasonably ascertainable to GRHC when GRHC filed for bankruptcy and the Trustee was appointed to GRHC's bankruptcy estate.[32]

Defendants are correct that the Court previously found that the injury became reasonably ascertainable to GRHC when Plaintiff was appointed trustee in bankruptcy.  The Court, however, made this determination on a statute of limitations issue, where the question was when the injury became reasonably ascertainable to GRHC—not when the injury occurred.  The breach of fiduciary duty occurred when the salary payments were made on October 1, 2002, March 25, 2003, and April 14, 2004, and those are the dates that the Court will use to start prejudgment interest.

Defendants also contend that the timeframe should be reduced to reflect for Plaintiff's alleged delays in bringing the case to a conclusion.  In Delaware, although prejudgment interest is generally awarded as a matter of right to a successful plaintiff, it is within the court's

---

[31] *Valeant Pharm., Int'l v. Jerney*, 921 A.2d 732, 755 (Del. Ch. 2007) (quoting *Summa Corp. v. Trans World Airlines, Inc.*, 540 A.2d 403, 409 (Del. 1988)).

[32] Defendants' Opposition to Trustee's Motion to Amend Judgment to Add Prejudgment Interest, Doc. 345, p. 6 (citing Memorandum and Order, July 3, 2013, Doc. 281, p. 37).

discretion to deny a plaintiff interest if the plaintiff delayed prosecuting his claim.[33]  In this case, the Court finds that Plaintiff did not delay the case in such a manner to reduce the timeframe for prejudgment interest.  Many of the so-called delays were caused by Defendants and Defendants' filing of numerous motions. Thus, the Court will not reduce the timeframe.

### 2.  *Interest Rate*

"Generally, the legal rate of interest has been used as 'the benchmark for pre-judgment interest.' "[34]  Pursuant to 6 Delaware Code § 2301, the legal rate of interest is 5% above the Federal Reserve discount rate.[35]  In addition, courts generally look to the legal rate of interest at the time the wrong occurred.[36]  Courts, however, have broad discretion, subject to fairness principles, in determining an appropriate interest rate.[37]

Plaintiff contends that the Court should exercise its discretion and set the prejudgment interest rate at 10%.  Defendants assert that the prejudgment interest rate should be set at 5.75%—which is the *current* Federal Reserve rate of .75% with an additional 5%.[38]  The Court finds both positions unworkable because Plaintiff's proposal is much higher, and Defendants' proposal is much lower, than the legal interest rate existing at the time liability accrued.  Thus, in

---

[33] *Summa Corp.*, 540 A.2d at 409.

[34] *Valeant*, 921 A.2d at 755-56 (citing *Summa Corp.*, 540 A.2d at 409).

[35] 6 Del. C. § 2301(a); *see also Gentile*, 2010 WL 3582453, at *1, n. 3 (noting that the legal interest rate is determined by adding 5% to the Federal Reserve discount rate).

[36] *See, e.g., Cobalt Operating, LLC v. James Crystal Enters., LLC*, 2007 WL 2142926, at * 31 (Del. Ch. July 20, 2007) (considering the legal interest rates on the date the transactions occurred); *Valeant*, 921 A.2d at 756 (looking to the legal interest rate at the time the wrong occurred).  *See also Moskowitz*, 391 A.2d at 210 ("As a general rule, interest accumulates from the date payment was due the plaintiff, because full compensation requires an allowance for the detention of the compensation awarded and interest is used as a basis of measuring that allowance.").

[37] *Valeant*, 921 A.2d at 756.

[38] Defendants do not cite to any case which holds that a court should consider the *current* legal interest rate when determining the amount of *pre*judgment interest.

this case, the Court will set the prejudgment interest rate at (a) 6% for the $321,000 in salary payments made on October 1, 2002;[39] (b) 7.25% for the $321,000 in salary payments made on March 25, 2003;[40] and (c) 7% for the $345,000 in salary payments made on April 14, 2004.[41]

### 3. Simple Interest

Plaintiff requests compound monthly interest while Defendants request simple interest. Historically, Delaware courts have disfavored compound interest.[42]  But it is within the court's discretion whether to award simple or compound interest.[43]  In this case, the Court exercises its discretion and awards simple interest.

In sum, the Court grants Plaintiff's Motion for Prejudgment Interest.  Prejudgment simple interest shall commence on October 1, 2002 on $107,000 against each Defendant (R. James Ansel, Robert H. Gardner, and William M. Stevens) at 6%; on March 25, 2003 on $107,000 against each Defendant at 7.25%; and on April 14, 2004 on $115,000 against each Defendant at 7.0%.

---

[39] The Federal Discount rate in October of 2002 was 1.0%.  With an additional 5% added on, the legal rate is 6.0%.

[40] The Federal Discount rate in March of 2003 was 2.25%.  With an additional 5% added on, the legal rate is 7.25%.

[41] The Federal Discount rate in April of 2004 was 2.0%.  With an additional 5% added on, the legal rate is 7.0%.

[42] *Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.*, 817 A.2d 160, 173 (Del. 2002).

[43] *Id.*

**IT IS ACCORDINGLY ORDERED** that Defendants' Renewed Motion for Judgment as a Matter of Law, or Alternatively for Remittitur or New Trial (Doc. 343) is **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff's Motion to Alter Judgment to Add Prejudgment Interest (Doc. 338) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 29th day of September, 2014.


ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE