**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

ERIC C. RAJALA,

    *Plaintiff,*

vs.

                                                  Case No. 09-2482

ROBERT H. GARDNER, *et al.*,

    *Defendants.*

**MEMORANDUM and ORDER**

    Plaintiff Eric C. Rajala, the Trustee for the bankruptcy estate of Generation Resources Holding Company, LLC ("GRHC"), obtained a verdict in favor of Plaintiff at trial in the amount of $329,000 against three Defendants.[1] On June 12, 2014, the Court entered its judgment. After the Court entered the judgment, Plaintiff sought to amend it to include prejudgment interest. Defendants objected to this request, but the Court granted Plaintiff's motion on September 29, 2014. That same day, the Court entered an Amended Judgment. Defendants are now before the Court with a Motion to Alter or Amend the Amended Judgment (Doc. 363).

    In Defendants' motion, they seek to alter or amend the amended the judgment pursuant to Federal Rule of Civil Procedure 59(e). Defendants, however, filed their motion on October 29, 2014—thirty days after the Court entered the Amended Judgment. "A motion to alter or amend

---

[1] These defendants include James R. Ansell, Robert H. Gardner, and William M. Stevens.

a judgment must be filed no later than 28 days after the entry of the judgment."[2]  Pursuant to Fed. R. Civ. P. 6(b)(2), a court cannot extend the timeframe for which to file a Rule 59(e) motion.[3]  Thus, Plaintiff asserts and the Court agrees that Defendants' motion is untimely as a Rule 59(e) motion.

In Defendants' reply, they contend that even if Rule 59(e) relief is unavailable, the Court should construe their motion as one under Federal Rule of Civil Procedure 60(b).  "Whether a motion is construed as a Rule 59(e) or Rule 60(b) motion depends upon the time in which the motion is filed."[4]  "If a party files a Rule 59(e) motion beyond the rule's time limit, a court may construe the motion as falling under Rule 60(b)."[5]  Because Defendants' Rule 59(e) motion is untimely, Rule 60(b) is the only option for the Court to consider Defendants' motion.

"Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances."[6]  Defendants continue to assert, as they did when they first sought relief under Rule 59(e), that the Court committed clear error when it amended the judgment to include prejudgment interest.  The only provision that Defendants specifically cite to is Rule 60(b)(1), which permits a district court to modify its judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect."[7]  Defendants apparently contend that the Court made a

---

[2] Fed. R. Civ. P. 59(e).  *See also Sky Harbor Air Serv., Inc. v. Reams*, 491 F. App'x 875, 890 (10th Cir. July 20, 2012).

[3] *See also Sky Harbor*, 491 F. App'x at 890 (citing Fed. R. Civ. P. 6(b)(2)).

[4] *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006).

[5] *Sky Harbor*, 491 F. App'x at 892 (citing *Allender*, 439 F.3d at 1242).

[6] *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991).

[7] Fed. R. Civ. P. 60(b)(1).

substantive mistake of law in the final judgment by allowing prejudgment interest because Plaintiff allegedly failed to make a proper settlement demand under 6 Del. C. § 2301(d).[8]

Rule 60(b)(1), however, "is not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument."[9]  In this case, although Defendants previously objected for *numerous* reasons to Plaintiff's request for prejudgment interest, Defendants raise the issue of Plaintiff's alleged improper settlement offer under § 2301(d) for the *first* time in their Motion to Alter or Amend the Amended Judgment.  This evidence was clearly previously available to Defendants, but Defendants failed to present any argument relating to it.  Thus, it is improper to do so now.  Defendants' arguments fail to show any basis for relief.  Accordingly, the Court denies Defendants' Motion to Alter or Amend the Amended Judgment.

**IT IS ACCORDINGLY ORDERED** that Defendants' Motion to Alter or Amend the Amended Judgment (Doc. 363) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 3rd day of December, 2014.

*signature*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[8] Defendants argue that 6 Del. C. § 2301(d) required Plaintiff to make a "written settlement demand valid for a minimum of 30 days in an amount less than the amount of damages upon which the judgment was entered" to obtain prejudgment interest.  Defendants argue that because Plaintiff's $500,000 settlement demand on June 6, 2014, prior to trial, was not expressly left open for thirty days and was more than the damages of $329,000 awarded against each individual Defendant, Plaintiff is not entitled to prejudgment interest.

[9] *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996).